**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN**

BRIAN GOOCH,

      Plaintiff,

v.                                   Case No.

AETNA LIFE INSURANCE COMPANY,     Hon.

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Aetna Life Insurance Company ("ALIC"), by and through its attorneys, Troutman Pepper Hamilton Sanders LLP, hereby removes this action from the Ninth Judicial Circuit of Michigan, pursuant to 28 U.S.C. § 1441.  In support thereof, ALIC avers as follows:

1.     On or about September 1, 2023, Brian Gooch ("Plaintiff") commenced this action by filing a civil Complaint in the Ninth Judicial Circuit of Michigan, Case No. 23-0480-CK.  A copy of all process, pleadings, and orders in the Michigan state court action are attached hereto as Exhibit A.

2.     ALIC received a copy of the initial pleading on September 13, 2023.

### GROUNDS FOR REMOVAL

### FEDERAL JURISDICTION

3.     This Court would have original subject matter jurisdiction of this action under 28 U.S.C. § 1331 if the action had originally been brought in federal court.

4.     A civil action of which a District Court has original jurisdiction founded upon a claim or right arising under the laws of the United States shall be removable without regard to citizenship or residence of the parties.  *See* 28 U.S.C. § 1441(b).

5. Removal is authorized when the well pleaded allegations of the complaint raise an issue of federal law. *See Louisville and Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908), *overruled on other grounds*, *Smith v. Kansas City Title and Transfer Co.*, 255 U.S. 180 (1921); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

6. Removal is also proper under the doctrine of field preemption, regardless of whether claims are expressly brought under federal statute: "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-65 (holding that plaintiff's state law claims for compensatory damages were preempted by ERISA and properly removed under 28 U.S.C. § 1441(b)).

7. Congress has designated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") for such special treatment such that a state law complaint will be re-characterized under the doctrine of field preemption as an action arising under federal law. *Id.* at 64-65; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1278 (6th Cir. 1991).

8. ERISA preempts state law claims to the extent they "relate to" any ERISA plan. *See* 29 U.S.C. § 1144(a). A state law claim "relates to" and ERISA plan, and is preempted "it if has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 97 (1983).

9. The complaint relates to and seeks to enforce rights under an employee welfare benefit plan ("Plan") sponsored by employer. (Compl. ¶¶ 4, 13-22).

10. The Plan is an "Employee Welfare Benefit Plan" within the meaning of ERISA.

11.    The United States Court of Appeals for the Sixth Circuit has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. S*ee e.g., Smith v. Commonwealth Gen. Corp.,* 589 F. App'x 738, 741 (6th Cir. 2014); *Cromwell*, 944 F.2d at 1275.

12.    The complaint purports to set forth state law causes of action based on the wrongful denial of long-term disability benefits under the terms of the Plan.  (Compl. ¶¶ 13-22).

13.    The complaint is properly removed because it seeks to enforce a claim or right which may arise under ERISA, a law of the United States.  *See* 28 U.S.C. §§ 1331, 1441(b).

14.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days after receipt of a copy of the initial pleading and within one year after commencement of the action.

15.    Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Michigan is the federal district embracing the Ninth Judicial Circuit of Michigan.

16.    A Notice of Filing this Notice of Removal is being filed with the Ninth Judicial Circuit of Michigan contemporaneously with the filing of this Removal in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

17.    A copy of this Notice will be served upon Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Aetna Life Insurance Company, hereby removes this action from the Ninth Judicial Circuit of Michigan to the United States District Court for the Western District of Michigan.

Respectfully submitted,

Date:  October 4, 2023

*s/      Brian P. Downey*
Brian P. Downey, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
Suite 200, 100 Market Street
P.O.  Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Email: *brian.downey@troutman.com*

Joshua L. Zeman (P80055)
TROUTMAN PEPPER HAMILTON SANDERS LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
Email: *joshua.zeman@troutman.com*

*Attorneys for Defendant Aetna Life Insurance Company*

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN**

BRIAN GOOCH,

      Plaintiff,

v.                                      Case No.

AETNA LIFE INSURANCE COMPANY,     Hon.

      Defendant.

_____/

## CERTIFICATE OF SERVICE

I, Brian P. Downey, hereby certify that on October 4, 2023, a copy of the aforesaid Notice of Removal and this Certificate of Service will be sent via electronic mail and first-class mail to:

Deborah K. Palmer
P.O. Box 54
Portage, MI 49081
*debbie@dkpalmerpllc.com*

/s/ Brian P. Downey
BRIAN P. DOWNEY